FILED

1  David G. Geffen, Esq. (SBN 129342)
2  DAVID GEFFEN LAW FIRM
   530 Wilshire Boulevard, Suite 205
3  Santa Monica, California 90401-1421
   Telephone: (310) 434-1111
4  e-mail: geffenlaw@aol.com

2008 DEC 29  PM 1:27

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

5  Attorney for Plaintiff JOSEPH GENOVA

6

7

8                    UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11

12  JOSEPH GENOVA, an individual,          )  CASE NO. CV08-08570 ODW AJWx
                                           )
13                Plaintiff,               )  COMPLAINT FOR DAMAGES:
                                           )
14         vs.                             )
                                           )  1.  DISABILITY DISCRIMINATION
15                                         )      UNDER AMERICANS WITH
    STATE OF CALIFORNIA, a government      )      DISABILITIES ACT, TITLE II
16  entity; WALDEN HOUSE, a non-profit     )
    corporation; BEHAVIORAL SYSTEMS        )  2.  VIOLATION OF CALIFORNIA
17  SOUTHWEST; and DOES 1-10, inclusive,   )      PERSONS WITH DISABILITIES
                                           )      ACT (Civil Code §§54 and 54.1]
18                Defendants.              )
                                           )  3.  VIOLATION OF THE UNRUH
19                                         )      CIVIL RIGHTS ACT
                                           )
20                                         )  DEMAND FOR JURY TRIAL
                                           )
21                                         )
                                           )
22                                         )
                                           )
23                                         )
                                           )
24                                         )
                                           )
25  _____

26  _____

27

28
    _____
            COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
                                1

COPY

1   Plaintiff JOSEPH GENOVA, an individual, herein complains, by filing this Civil

2   Complaint, that Defendants have in the past, and presently are, engaging in discriminatory

3   practices against individuals with disabilities.   Therefore, Plaintiff makes the following

4   allegations in this civil rights action:

5

6   ## NAMED DEFENDANTS AND NAMED PLAINTIFF

7   1.   Defendant STATE OF CALIFORNIA is a government entity.  Defendant WALDEN

8   HOUSE (hereinafter referred to as "WH") is a non-profit corporation.  Defendant

9   BEHAVIORAL SYSTEMS SOUTHWEST (hereinafter "BSS") is a non-profit corporation.

10  Defendants WH and BSS provide therapeutic counseling services to individuals with substance

11  abuse problems.

12  2.   The word "Plaintiff" as used herein refers to JOSEPH GENOVA, an adult resident

13  of the County of Los Angeles.  Plaintiff is an insured party of SecureHorizons, Inc.

14

15  3.   Plaintiff is ignorant of the true names and capacities of Defendants sued  herein as

16  Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.

17  Plaintiff will pray leave of the Court and amend this Complaint to allege the true names and

18  capacities of the Does when ascertained.

19

20  4.   Plaintiff is informed and believes, and thereon alleges, that Defendants and each of

21  them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser,

22  franchisee, manager, general partner, limited partner, agent, employee, representing partner, or

23  joint venturer of the remaining Defendants and were acting within the course and scope of that

24  relationship.  Plaintiff is further informed and believes, and thereon alleges, that each of the

25  Defendants herein, including their managing agents and owners, gave consent to, ratified, and/or

26  authorized the acts alleged herein.

27

28

1

2
## JURISDICTION AND VENUE

3

4
    5.   The first cause of action alleged herein arises under the Americans with Disabilities

5
Act (42 U.S.C. §§ 12182 et seq.) ("ADA") such that the jurisdiction of this Court is invoked

6
pursuant to 28 U.S.C. §§ 1331 and 1343. Through the same actions and omissions that form the

7
basis of Plaintiff's federal claim, Defendants have also violated Plaintiffs' rights under state law,

8
over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This Court has

9
jurisdiction over Plaintiffs' claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§

10
2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure.

11
    6.   Venue over Plaintiffs' claims is proper in the Central District of California because

12

13
Defendants reside in the Central District of California within the meaning of 28 U.S.C. § 1391,

14
and because the events, acts, and omissions giving rise to Plaintiffs' claims occurred in the

15
Central District of California.

16
## CONCISE SET OF FACTS

17

18
    7.   Plaintiff is a person with a disability as defined under both state and federal law.

19
Plaintiff has a physical impairment which severely limits his ability to hear.  Plaintiff requires a

20
certified sign language interpreter to effectively communication with others.

21
    8.   Plaintiff has been referred on several occasions by Defendant STATE OF

22
CALIFORNIA to residential and outpatient treatment at Defendant BSS and Defendant WH to

23
address Plaintiff's substance abuse problem.  However, Defendants have not provided, and

24
continually refused to provide, a certified sign language interpreter for Plaintiff so that he can

25

26
equally and meaningfully participate in Defendants' programs and services.  Plaintiff has

27
repeatedly informed Defendants that the absence of a certified sign language interpreter in group

28

meetings, individual counseling and other required communications results in his inability to comprehend virtually everything that is being communicated and deprives him of an ability to express himself. Nevertheless, on numerous occasions Plaintiff has been required, as part of the program, to sit through meetings, group sharing, counseling and other activities without a certified sign language interpreter present. On one occasion, after Plaintiff had been at BSS in class for 10 days, Plaintiff filed a request for reasonable accommodation with the State of California. Plaintiff did not document or follow-up on the Complaint pursuant to State law (Title 15). It took ____ days to provide an interpreter and Plaintiff was required to make up five days of classes. Plaintiff has been discouraged and even threatened with removal from the program by Defendant WH if he continued to complain.

9.    Plaintiff experienced emotional distress, including frustration, isolation and hopelessness because of the multiple failures of Defendants to adopt, implement, and enforce policies, practices and procedures that would have allowed for Plaintiff to participate, learn, receive counseling and communicate with others. The Defendants had (and have) statutory duties to reasonably accommodate individuals who have physical impairments limiting their ability to communicate. As more fully set forth in this Complaint, both the ADA and California law require Defendants to adopt reasonable policies and procedures that would allow for the Plaintiff to understand and communicate.

10.    Pursuant to federal and state law, Defendants are required to avoid discriminating and retaliating against Plaintiff and other people with disabilities in connection with the services they offer to the public.

11.    Based on these facts, Plaintiff alleges that Plaintiff was discriminated and retaliated against when Plaintiff attempted to utilize the services offered by Defendants. Plaintiff would

1  like to be able to depend upon and utilize the services of Defendants, but Plaintiff is deterred

2  from doing so because of the Defendants' illegal actions and discriminatory policies and

3  behavior as set forth in this Complaint.

4      12.  Plaintiff was and is irritated, frustrated and extremely upset due to Defendants'

5  insensitive and illegal conduct, all to Plaintiff's general and special damages in an amount

6  according to proof.

7

8      13.  The violations of the ADA and California law alleged herein relate to extreme and

9  outrageous conduct on the part of Defendants; conduct that violates the rights and impacts the

10  well being and safety of people with disabilities.  The conduct of Defendants and other similar

11  facilities and programs has been a vexing and long standing issue for people in the disability

12  community.  Despite this, Plaintiff was still forced to endure the illegal outrages detailed in this

13

14  Complaint.

15     14.  The named  Defendants and DOES 1 through 10 will be referred to collectively

16  hereinafter as "Defendants."

17     15.  Plaintiff avers that Defendants are liable for the following claims as alleged below.

18
                              **FIRST CAUSE OF ACTION**
19
                              **AGAINST ALL DEFENDANTS**
20

21              *(For Discriminatory Practices in Public Accommodations;*

22              *Violation of the Americans with Disabilities Act of 1990)*

23     16.  Based on the facts plead above (which Plaintiff re-pleads and incorporates herein by

24  reference), Plaintiff was denied full and equal enjoyment of and access to Defendants' goods,

25

26  services, facilities, privileges, advantages or accommodations in violation of the ADA.

27     17.  Plaintiff alleges that Defendant State of California provides services, programs and

28
                    COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
                                           5

1   public accommodations entitling Plaintiff, and others with disabilities, to protections from

2   discrimination under Title II [42 USC 12141, et seq.] and Title III. Public entities must "make

3   reasonable modifications in policies, practices, or procedures when the modifications are

4

5   necessary to avoid discrimination on the basis of disability, unless the public entity can

6   demonstrate that making the modifications would fundamentally alter the nature of the service,

7   program, or activity." Id. § 35.130(b)(7); see e.g. *McGary v. City of Portland*, 386 F.3d 1259,

8   1265-67 (9th Cir. 2004.) A public entity must "operate each service, program, and activity so that

9   the service, program, or activity, when viewed in its entirety, is readily accessible to and usable

10  by individuals with disabilities." 28 C.F.R. § 35.150(a). As set forth in this Complaint, the

11  manner in which this Defendant provides services, and the policies and practices under which it

12

13  operates, have denied, and continue to deny, Plaintiff and others with disabilities full and equal

14  access to Defendant's services, programs and benefits.

15      18.  Plaintiff alleges that Defendants WH and BSS own, manage, lease and/or operate a

16  public accommodation as defined in 42 U.S.C. §12181(7).  One of the specific prohibitions

17  against discrimination under the ADA is set forth in C.F.R.Section 36.303 which requires a

18

19  public accommodation to take such steps as may be necessary to ensure that no individual with a

20  disability is excluded, denied services, segregated or otherwise treated differently than other

21  individuals because of the absence of auxiliary aids and services, unless the public

22

23  accommodation can demonstrate that taking such steps would fundamentally alter the nature of

24  the goods, services, facilities, advantages, or accommodations being offered or would result in an

25  undue burden. The  manner in which these Defendants provided services failed to provide full

26  and equal access to Defendants' goods and services in public accommodations as required

27  generally by the provisions of 42 U.S.C. §12182(a)and 42 U.S.C. §12182(b)(1)(A).

28

---

19.  Plaintiff has physical impairments as alleged in Paragraph 7 above.  Plaintiff's physical impairments substantially limit major life activities; including hearing and talking. Plaintiff cannot perform the above-noted major life activities in the manner, speed, duration, and/or volume when compared to the average person.

20.  The ADA, Title III, 42 U.S.C. §12182(b)(2)(A) (ii) prohibits: " *(A ) failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;* "

21.  Based on the facts plead above, Defendants failed to make reasonable modifications in their policies, practices, or procedures, though such modifications were necessary to afford such goods, services, programs, facilities, privileges, advantages, or accommodations to Plaintiff.

22.  Based on the facts plead above, and the facts set forth elsewhere in this Complaint, Plaintiff, and others similarly situated, will suffer irreparable harm unless Defendants are ordered to discontinue operations or obey the requirements of the ADA.  Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community.  Plaintiff alleges there is a substantial public interest in requiring Defendants to provide effective communication services, programs, and devices for people with disabilities.  Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.  As noted herein, Plaintiff desires to be able to utilize and depend upon Defendants' services, but is precluded or deterred from doing so because of the discriminatory policies and practices alleged herein.

1   Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction, including an

2   independent monitor, is necessary to enjoin compliance with federal civil rights laws enacted for

3   the benefit of individuals with disabilities.

4   ## SECOND CAUSE OF ACTION

5   ## AGAINST ALL DEFENDANTS

6
7   *(For Denial of Full and Equal Access in Violation of*

8   *California Civil Code Sections 54 and 54.1)*

9   23.  Based on the facts plead above and elsewhere in this Complaint (which Plaintiff re-

10  pleads and incorporates herein by reference), Plaintiff alleges that Defendants have discriminated

11  against Plaintiff and violated Plaintiff's rights under §§54 and 54.1 of the *California Civil Code*.

12
13  At all times relevant to this Action, *California Civil Code* §§54 and 54.1 have provided that

14  physically disabled persons are not to be discriminated against because of their physical

15  disabilities.

16  24.  Defendants violated Section 54(a) of the *California Civil Code* which states that

17  individuals with disabilities or medical conditions have the same right as the general public to the

18  full and free use of medical facilities, including hospitals, clinics and physicians' offices, public

19
20  facilities and other public places.

21  25.  Plaintiff is an individual with a disability as defined in *California Government Code*

22  §12926.

23  26.  *California Civil Code* §54.3 provides the violation of the rights of an individual

24
25  under the ADA also constitutes a violation of §54.

26  27.  Defendants violated *California Civil Code* §54.1 (a)(1) which provides, in pertinent

27  part, as follows: "*54.1(a)(1)  Individuals with disabilities shall be entitled to full and equal*

28

*access, as other members of the general public, to accommodations, advantages, facilities, ... places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons."*

28.   Section 54.1(d) of the *California Civil Code* §54.1(d) provides that a violation of the ADA also constitutes a violation of §54.1.

29.   Defendants also violated Section 54.3 of the *California Civil Code* which provides that any entity that denies or interferes with the admittance to or enjoyment of the public facilities as specified in §54 or §54.1 thereof or who otherwise interferes with the rights of an individual with a disability under §§54 or 54.1 shall be liable *for each such offense* for the actual damages, and up to three times actual damages, but in no case less than $1,000, and such attorneys' fees as may be determined by the Court.

30.   California Civil Code §55 provides that a person who is aggrieved or potentially aggrieved by a violation of §54 or §54.1 thereof may bring an action to enjoin the violation in question.

31.   The violations of Plaintiff's rights under the ADA and California law that are alleged in this Complaint have resulted in the denial to Plaintiff of full and equal access to the goods and services offered by Defendants and have caused Plaintiff to suffer the damage and harms set forth and alleged in this Complaint.

32.   Based on the facts plead above, and the facts elsewhere in this Complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to discontinue operations or modify their policies, practices and procedures.   Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a

substantial segment of the disability community. Plaintiff alleges that there is a substantial public interest in requiring Defendants to provide effective communication services, programs and devices for people with disabilities. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. As noted herein, Plaintiff desires to be able to utilize and depend upon Defendants' services but is precluded or deterred from doing so because of the discriminatory policies and practices alleged herein. Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction, including an independent monitor, is necessary to enjoin compliance with California civil rights laws enacted for the benefit of individuals with disabilities.

## THIRD CAUSE OF ACTION

### AGAINST ALL DEFENDANTS

*(For Violation of the Unruh Civil Rights Act, California Civil Code Section 51)*

33. Plaintiff refers to and incorporates the paragraphs above of his Complaint as though fully set forth herein.

34. The programs and services operated and referred to by defendants are public accommodations as identified in California Civil Code §51 and are therefore subject to the state and federal laws prohibiting discrimination against individuals with disabilities in public accommodations.

35. Plaintiff is an individual with a disability and is therefore protected from discrimination in public accommodations under Civil Code §51.

36. Defendants' actions were done with defendants' full knowledge of plaintiff's disability, his need for a sign language interpreter, their duty to provide one under the law, and the consequences to plaintiff of their failure to provide one. Defendants deprivation of plaintiff's rights

was intentional, or in conscious disregard of the likelihood of causing injury to plaintiff. Defendants'

policies and practices are in violation of California Civil Code §51.  Civil Code §51(b) states:

> "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

37.  Plaintiff was irritated, frustrated and extremely upset due to Defendants' insensitive and illegal conduct.   Plaintiff experienced loss of enjoyment, isolation, humiliation, embarrassment, frustration and others kinds of emotional distress all to plaintiff's general damages in an amount according to proof.  Plaintiff is entitled to an award for these injuries pursuant to Civil Code § 52.

38.  As a result of Defendants' illegal actions, Plaintiff is entitled to an additional award of up to three times the amount of actual damages, for each violation, but in no case less than $4,000.00, pursuant to Civil Code §52.

39.  In order to stop Defendants from discriminating against individuals with disabilities, Plaintiff requests that the Court enjoin these Defendants from further discriminatory conduct as described above, pursuant to Civil Code §52..

40.  As a further result of Defendants' illegal actions, Plaintiff has incurred attorney fees and costs in pursuing this action.  Plaintiff is entitled to an award of reasonable attorney fees and costs pursuant to Civil Code §§52.

**WHEREFORE,** Plaintiff prays for damages and relief as hereinafter stated.

## DEMAND FOR JUDGMENT FOR RELIEF

1.     For all allowable general, special and exemplary damages pursuant to the ADA, Title II, and *California Civil Code* §§52 and 54.3;

2.     For $4,000 in damages pursuant to the *California Civil Code* §52 claim for each and every violation of *California Civil Code* §51;

3.     In the alternative to the minimum statutory damages pursuant to *California Civil Code* §52 in Paragraph 2 above, for $1,000 in damages pursuant to the *California Civil Code* §54.3 claim for each and every violation of *California Civil Code* §54.1;

4.     For attorneys' fees pursuant to 42 *U.S.C.* §988, 42 *U.S.C.* §12205, *California Civil Code* §§52, 54.3 and 55 and *California Health & Safety Code* §19953;

5.     For such other further relief as the Court deems proper.

DATED: December 23, 2008        DAVID GEFFEN LAW FIRM

By       _____
          David G. Geffen, Esq.
          Attorney for Plaintiff
          JOSEPH GENOVA

1

2

## DEMAND FOR JURY TRIAL

3

Plaintiff hereby demands Trial by Jury in the above-captioned matter.

4

5  DATED: December _23_, 2008          DAVID GEFFEN LAW FIRM

6

7                                      By _____
8                                          David G. Geffen, Esq.
                                           Attorney for Plaintiff
9                                          JOSEPH GENOVA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
13

DAVID G. GEFFEN ESQ. (SBN 129342)
DAVID GEFFEN LAW FIRM
530 Wilshire Blvd., Suite 205
Santa Monica, CA 90401
TElephone: (310) 434-1111

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GENOVA, an individual,<br><br>PLAINTIFF(S)<br><br>v.<br><br>STATE OF CALIFORNIA, a government entity;<br>WALDEN HOUSE, a non-profit corporation;<br>BEHAVIORAL SYSTEMS SOUTHWEST, a non-<br>profit corporation; and DOES 1-10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV08-08570 ODW AJWx**<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S): <u>STATE OF CALIFORNIA, WALDEN HOUSE</u> and

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>DAVID G. GEFFEN, Esq.</u>_____, whose address is <u>530 WILSHIRE BLVD., STE. 205, SANTA MONICA, CA. 90401</u>_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __DEC 29 2008__

By: _Natalie Thongsria_
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>JOSEPH GENOVA, an individual | DEFENDANTS<br>STATE OF CALIFORNIA; WALDEN HOUSE AND BEHAVIORAL SYSTEMS SOUTHWEST |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>DAVID G. GEFFEN, ESQ., 530 WILSHIRE BLVD., SUITE 205, SANTA MONICA, CA 90401, T ELEPHONE: (310) 434-1111 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ IN EXCESS OF $50,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
DEFENDANTS FAILED TO PROVIDE POLAINTIFF WITH A SIGN LANGUAGE INTERPRETER

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting<br>☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent<br>☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☒ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: CV08-08570

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                     CIVIL COVER SHEET                     Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| JOSEPH GENOVA - LOS ANGELES COUNTY | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| STATE OF CALIFORNIA, WALDEN HOUSE and BEHAVIORAL SYSTEMS SOUTHWEST - LOS ANGELES COUNTY | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ALL CAUSES OF ACTION AROSE IN LOS ANGELES COUNTY | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date DECEMBER 10, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## 2:CV08- 8570 ODW (AJWx)

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.